# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# 1:06 CR 57

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Vs.  ) | ORDER |
| ) | |
| LYLE LLOYD BODECKER, ) | |
| ) | |
| Defendant.  ) | |
| _____ ) | |

THIS CAUSE coming on to be heard before the undersigned upon a violation report filed in the above entitled matter on February 7, 2012 by the United States Probation Office. In the violation report, the United States Probation Office alleges that the defendant had violated terms and conditions of his pretrial release. At the call of this matter on for hearing it appeared the defendant was present with his counsel, Cecilia Oseguero, and the Government was present through Assistant United States Attorney, Tom Ascik. From the evidence offered and the statements of the Assistant United States Attorney and the attorney for the defendant, and the records in this cause, the Court makes the following findings.

**Findings**: At the call of the matter, the defendant, by and through his attorney, admitted the allegations contained in the violation report filed on February 7, 2012.

The defendant appeared before the undersigned on November 1, 2011 in regard to allegations contained in a petition alleging that defendant had violated terms and

conditions of his supervised release. The undersigned entered an Order releasing defendant on terms and conditions of prehearing release. The conditions of release included:

(4) Defendant must appear in Court as required and surrender for service of any sentence imposed.

On January 18, 2012 defendant was scheduled to appear in the United District Court in Asheville, NC for the supervised release violation hearing and at that time defendant failed to appear.

**Discussion**. 18 U.S.C. § 3148(b)(1) provides as follows: The judicial officer shall enter an order of revocation and detention if, after a hearing, the judicial officer -----

(1) finds that there is----
 (A) probable cause to believe that the person has committed a
Federal, State, or local crime while on release; or
 (B) clear and convincing evidence that the person has violated any
 other condition of release; and
(2) finds that ---
 (A) based on the factors set forth in section 3142(g) of this title, there
is no condition or combination of conditions of release that will assure that the
person will not flee or pose a danger to the safety of any other person or the
community; or
 (B) the person is unlikely to abide by any condition or combination
of conditions of release.

If there is probable cause to believe that, while on release, the person committed a Federal, State, or local felony, a rebuttable presumption arises that no condition or

2

combination of conditions will assure that the person will not pose a danger to the safety of any other person or the community."

It has been shown by clear and convincing evidence, based upon the admission by defendant that defendant violated the condition of release which required that he appear in court as required and surrender for service of any sentence imposed. The defendant, without just cause or excuse, did not appear for his scheduled court hearing on January 18, 2012.

Due to the findings made above and also considering the factors as set forth in 18 USC § 3142(g), it appears there is no condition or combination of conditions of release that would assure that the defendant will appear. As a result of the above referenced findings, the undersigned has determined to enter an order of revocation revoking the unsecured bond and the terms of pretrial release previously issued in this matter and entering an order detaining the defendant.

**ORDER**

**IT IS, THEREFORE**, **ORDERED** that the unsecured bond and terms and conditions of pretrial release entered in this matter are hereby **REVOKED** and it is **ORDERED** the defendant be detained pending further proceedings in this matter.

Signed: February 17, 2012

Dennis L. Howell
United States Magistrate Judge